(*Criminal Court of Cook County.*)

## People of the State of Illinois

### vs.

### Simon Arkins.

(Jan., 1901.)

1. CRIMINAL LAW—PLEA OF GUILTY ENTERED UPON PROMISE OF IMMUNITY. Where a person indicted for receiving stolen property is induced to enter a plea of guilty by the promise of the prosecuting witness that he will go free, the defendant is entitled to have the judgment vacated and to withdraw the plea of guilty.

2. PLEA OF GUILTY TREATED AS A CONFESSION. A plea of guilty is treated in the light of a confession and is subject to all the legal restrictions pertaining thereto.

3. CONFESSIONS—WHEN ADMISSIBLE. Confessions made by a prisoner under the influence of promises or threats are not admissible against him. Confessions induced by the appliance of hope or fear are not regarded as voluntarily made and are therefore not to be relied on as true.

Indictment for receiving stolen property. Motion to vacate judgment entered upon plea of guilty. Heard before Judge Jesse Holdom.

The facts are stated in the opinion.

*Frank Crowe,* assistant state's attorney, for the People.

*O'Donnell & Brady,* for defendant.

HOLDOM, J. :—

The defendant was indicted by the grand jury of Cook county for having received stolen property, with knowledge that the same was stolen. The property, consisting of silk linings of the value of about $600, was stolen from Siegel Bros., by one Surney, an employe, and sold to the defendant. On being arraigned for trial at the November term of the court, the defendant pleaded guilty. The evidence both for the state and the defense was heard by the court, which being held to sustain the defendant's plea of guilty, he was sentenced to the penitentiary for an indeterminate term, under the statute.

The defendant appeared without counsel and refused the offer of the court to assign him counsel to conduct his defense.

On December 5th, and within the November term, the defendant moved the court to vacate and set aside the sentence and judgment pronounced against him by the court, and for leave to withdraw his plea of guilty and to enter a plea of not guilty, and upon issue thus joined, to be tried by a jury, upon the ground that he was in fact not guilty of the crime for which he was indicted, tried and sentenced; that while he bought the stolen goods as alleged, yet he had neither knowledge nor suspicion that the goods were stolen; that he was assured by one Fred Siegel, the prosecuting witness, after having paid him $600, the value of the goods stolen, and which he had bought without any guilty knowledge, that the prosecution would be dropped, and subsequently when in court, assured that if he would plead guilty, the judge, after hearing the evidence, would discharge him and set him free; that he relied on such statements implicitly, and resting in the security of their verity, with the consciousness of innocence in his mind, and simply as the easiest manner in which to escape the legal clutches in which he found himself enmeshed, pleaded guilty.

Affidavits in support of this contention were filed and read with the motion.

It is in the first place insisted that the plea of guilty must

be treated in the light of a confession made by one charged with crime and subject to all the legal restrictions pertaining thereto, and that every intendment in favor of the defendant, deducible from the facts and circumstances environing and leading up to the confession evidenced by the plea of guilty, must be indulged.

That the undisputed inducement leading to the confession, viz., the plea of guilty, as shown by the sworn proof, was the assurance that such was the channel of escape, and therein lay not only the hope but the certainty of freedom. While the legal question as thus presented is not at all new, yet the circumstances of this case are novel and are not to be met with in recorded cases so far as I have been able to discover in the necessarily limited research which I have been able to make. The condition of the mind of the defendant at the time of entering the plea of guilty must not be lost sight of, and by this standard must be judged. The plea was entered on the positive unrestricted statements of the prosecuting witness, that the judge would, under that plea, after hearing the witnesses, acquit him. Without such plea—the crime being a felony—the court could not hear the case without the interposition of a jury. At common law a confession is an admission or acknowledgment of guilt. Therefore the defendant's plea of guilty in case at bar should be and is by legal construction, taken and treated as a confession.

The most instructive and thoroughly well considered case on this subject, in which all the leading cases are collated and reviewed, is *Bram v. United States*, 168 U. S. 532, opinion by Mr. Justice WHITE; and while Mr. Justice BREWER wrote a dissenting opinion in which Chief Justice FULLER and Mr. Justice BROWN concurred, the division of the court was not upon the law announced, but the dissentants, in effect, simply held that the facts of the case did not come within the purview of the legal principles promulgated in the court's opinion.

Mr. Justice WHITE said on page 542: "In criminal trials in the courts of the United States, wherever a question arises whether a confession is incompetent because not voluntary,

the issue is controlled by that portion of the fifth amendment to the constitution of the United States commanding that no person 'shall be compelled in any criminal case to be a witness against himself.'"

In Russell on Crimes, vol. 3, (6th ed.) page 478, the author says: "But a confession in order to be admissible, must be free and voluntary; that is, must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence."

Like doctrine has been expressed by the standard writers on criminal law, such as Greenleaf, Wharton, Taylor and Bishop.[1] The administration of the criminal law and the attitude of the courts toward persons charged with crime, has much ameliorated since the Stuarts left the throne of England and the reformation dawned in law as well as religion. While confessions extorted through torture were of frequent occurrence in England to this time, yet since 1688, they have not been tolerated. Strange to say this change was not brought about by any statute, but upon a silent acquiescence on the part of the courts, growing out of a popular demand proceeding from more refined feelings of humanity and a progressive civilization of the people.

In *Brown v. Walker*, 161 U. S. 591, the court says: "So deeply did the iniquities of the ancient system impress themselves upon the minds of the American colonists, that the States, with one accord, made a denial of the right to question an accused person a part of their fundamental law, so that a maxim (*Nemo tenatur seipsum accusare*) which in England was a mere rule of evidence, because clothed in this country with the impregnability of a constitutional enactment."

That one accused of crime may not be compelled to testify against himself may be conceded to be a doctrine of the common law. In Hawkins' Pleas of the Crown, it is said: "Sec. 2. * * * And where a person upon his arraignment actu-

---

[1] 1 Greenl. Ev. (15th ed.) sec. 219; Wharton, Crim. Ev. (9th ed.) sec. 631; 2 Taylor, Ev. (9th ed.) sec. 872; 1 Bishop's New Crim. Proc. sec. 1217, par. 4.—Ed.

ally confesses himself guilty, or unadvisedly discloses the special manner of the fact, supposing that it does not amount to felony where it doth, yet the judges, upon probable circumstances that such confession may proceed from fear, menace or duress, or from weakness or ignorance, may refuse to record such confession and suffer the party to plead not guilty."

For reference to statements made by prisoners that were induced by the language specifically used, set out in each case, see *Bram v. U. S., supra,* 552–556, 559–561.

The doctrine voiced in the decisions and statements of text writers cited has been sanctioned by the decisions of the courts of this state and forms an integral part of our legal fabric. The earliest opinion on this subject is found in the case of *Gates v. The People,* 14 Ill. 433, in which the court stated the common-law doctrine in these words: "The general rule is that confessions made by a prisoner under the influence of promises or threats, are not admissible in evidence against him. Confessions induced by the appliances of hope or fear, are not regarded as voluntarily made, and are therefore not to be relied on as true."

There is a marked difference between the case at bar and the cases above referred to, in all of which the confession was made to some officer of the law on some inducement held out or threat made by, or fear superinduced by the action of such officer, while here the inducement proceeded solely from the prosecuting witness. This court, however, can not fail to have in mind the fact that the defendant—aside from the implication arising from his plea of guilty—not only never admitted having knowledge that the property was stolen at the time of its purchase by him, but on the contrary, always denied he had any such guilty knowledge, or cause to suspect that the property had been stolen. Was the mind of the defendant at the time of the entry of his plea of guilty free to do so understandingly, or was he misled as to the real effect of that plea by the false representations which had been made to him by the prosecuting witness, that so doing was the path to freedom? I am constrained to believe from the proof, the

latter statement to embody the facts. So believing, the defendant, in my opinion, should have extended to him the benefit of the law announced in the line of decisions cited, and in the humane administration of the law should not be consigned to sojourn in the penitentiary of the state upon a plea, the effect of which he did not comprehend, and without a trial guaranteed to him under the constitution and laws of this commonwealth.

The sentence of imprisonment in the penitentiary for an indeterminate term, heretofore imposed upon defendant, and the judgment entered thereon, is hereby vacated, set aside and held for naught, and the defendant has leave to withdraw his plea of guilty and to enter a plea of not guilty.